Harold B. Valin
Linda A Dennis Valin
1330 NW. 43rd Ave.
Apt. 305, building 21 Lauderhill, FL 33313
hvalin81@gmail.com

FILED BY _____ D.C.

FEB 07 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA,**

| | |
|---|---|
| Harold B. Valin<br><br>and<br><br>Linda A Dennis Valin<br><br>               Plaintiffs,<br><br>v.<br><br>Royal Caribbean Cruises LTD.<br><br>A Liberian Corporation<br><br><br><br>               Defendant, | Civil Action No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Cause(s) of Action<br><br>Negligence |

## COMPLAINT

COMES NOW the Plaintiff, Harold Bohannon Valin and his mother, the Plaintiff Linda A Dennis Valin, (the "Plaintiffs") who sues Royal Caribbean Cruises LTD., A Liberian Corporation ("the Defendant") and further states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this case as the US District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between citizens of different States. Jurisdiction is therefore proper under 28 U.S.C. § 1332.

2. Venue is proper in this District pursuant to 15 U.S.C. §§ 15(a), 22 and 28 U.S.C. §§ 1391(b), (c), and (d) because, during the relevant period, Defendant Royal Caribbean Cruises., resided, transacted business, were found, or had agents in this District, and a substantial portion of their activity that relate to interstate commerce occurred in this District.

## THE PLAINTIFF(S)

3. Plaintiffs Linda A Dennis Valin and Harold Valin are mother and son respectively and are residents of Broward County, Florida.

## THE DEFENDANT

4. The Defendant Royal Caribbean Cruises Ltd., is a global cruise holding company incorporated in Liberia and based in Miami, Florida. It is the world's second-largest cruise line operator, after Carnival Corporation & plc. As of 2023, Royal Caribbean Group fully owns three cruise lines: Royal Caribbean International, Celebrity Cruises, and Silversea Cruises.

## FACTUAL ALLEGATIONS

1. On July 30, 2023 the Plaintiff Harold Bohannon Valin, (Mr. Valin) and his mother, the Plaintiff Linda A Dennis Valin, (Mrs. Valin) were at Port Everglades to board the Celebrity Cruise ship Equinox

2. Mr. Valin was pushing Mrs. Valin in a walker and as they were transitioning from Port Everglades onto the ramp operated by Celebrity Cruise line, where the wheels to Mrs. Valin's walker hit an overlapping piece of metal on the ramp, causing Mrs. Valin to fall backwards, hitting her head. The photographs of overlapping piece of metal on the ramp is hereto attached as an Exhibit.

3. Mr. Valin, upon witnessing the event immediately stood Mrs. Valin upright, and as they went up the remainder of the gangway, as they arrived to the top, it was extremely uneven shaky and floppy.

2

4. Once aboard the vessel, the Plaintiffs reported to the crew staff what had transpired, and a nurse was called; it was about this same time a member of the ship "pushed" Mrs. Valin to the elevator where Plaintiffs then went to the sick bay.

5. At the sick bay aboard the vessel, Mrs. Valin was examined by the ship's doctor and the incident report was created by Mr. Valin.

6. The following day on July 31st, the Plaintiffs returned to the ship's doctor to inform him that the pain was still present, and that Mrs. Valin was describing having pain in: her head, back of her neck, shoulders, through her back, and across the waist. The doctor prescribed Mrs. Valin methocarbamol as a muscle relaxant to use during the day and the physician said Mrs. Valin should take a massage as it would relax, Mrs. Valin.

7. Each day thereafter, the Plaintiffs were called in the morning by a member of the ship's staff to check in and see how Mrs. Valin was feeling, and whether Mrs. Valin was still experiencing pain, and every day the answer was in the affirmative as Mrs. Valin exclaimed that she was feeling pain in the same within referenced regions of her body.

8. On August 1 2023, the Plaintiffs were called approximately 9:10 PM by the operator and were given a message by Miss Kathleen to check on Mrs. Valin. The Plaintiff told her that Mrs Valin was still having pain in the same locations, and the agent said she would pass the message along to the medical facility when they opened in the morning. The operator Natalie told me on August 4 at 5:00 PM that they were not able to give a print out of the time when courtesy calls to allow Plaintiff Mr. Valin to check on Mrs. Valin's health and well-being.

9. When the cruise ended, the Plaintiff Mr. Valin took Mrs. Valin to see her primary physician to describe what happened and to get her checked out, and she was also taken to her chiropractor/physical therapist, where he worked on Mrs. Valin to help relieve the pain that she was experiencing. As of today, it has been several months since the Plaintiffs returned from the cruise and she is still experiencing pain in the above referenced locations of her body. Furthermore, the mental toll which the entire ordeal did create resulted in, and or contributed to Mrs. Valin undergoing a minor heart attack in December of 2023, and to date, ever since the incident giving rise to this Complaint Mrs. Valin has to walk in a cane and essentially is living with the pain brought about as a direct consequence of the incident mentioned herein.

10. Notwithstanding the foregoing, the Plaintiff Mrs. Valin has been scheduled for a brain and the cervical spine MRI by her primary physician to have a clearer understanding of her current medical status and is in and out of the hospital, while the Plaintiff Mr. Valin, a a Broward County School teacher has had to miss countless days of work, experiencing significant loss of income since the ordeal giving rise to this Complaint, not to mention having to deal with the emotional distress of seeing Mrs. Valin live in a state of pain, albeit because of the within referenced incident giving rise to this action.

11. The Plaintiffs, in light of the above factual allegations asserts a claim for damages and as for causes of action, further asserts as follows:

## PLAINTIFF'S FIRST CAUSE OF ACTION

### Negligence

12. Plaintiff's restate the facts and allegations in the preceding paragraphs and further state as follows:

13. To prevail on a negligence claim, a plaintiff must prove that (1) the defendant had a legal duty to protect the plaintiff from particular injuries; (2) the defendant breached that duty; (3) the defendant's breach actually and proximately caused the plaintiff's injuries; and (4) the plaintiff suffered actual harm. *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008).

**The Defendant Royal Caribbean's Duty**

14. The Defendant Royal Caribbean having management authority over Celebrity Cruises and equally the Celebrity Cruise ship Equinox, has a duty to prevent creating a reasonably foreseeable unreasonable risk of harm or injury. However, for a cruise ship to be docked at a U.S. port, the ship must meet standards under the International Convention for the Safety of Life at Sea (SOLAS). If the injury was caused by someone employed by the ship operator, the negligence standard will still follow meaning a "reasonably careful ship operator" would have anticipated the employee's actions that led to the injury.

15. Further, under the Shipping Act of 1984, 46 U.S.C. §1702(6), common carriers owe their passengers a heightened duty of care to protect them from physical harm and ensuring that the passengers arrive at their destinations safely. This special duty also includes protections from actions of the crew members if the passenger is assaulted by an employee of the ship.

**Breach of Duty**

4

16. The Defendant Royal Caribbean breached its heightened duty of care by failing to maintain a steady gangway or ramping leading up to the vessel and through failing to properly coordinate with local municipalities which might have equally shared that burden.

17. The Defendant Royal Caribbean further breached its heightened duty of care by allowing patrons, most of whom were 55 years of older, inclusive of the Plaintiff to enter on to the gangway leading up to the Celebrity Cruise line vessel Equinox which was uneven and not otherwise stable.

18. The Defendant Royal Caribbean further breached its heightened duty of care by not properly training particular members aboard its vessel as in one instance the Plaintiff Mrs. Valin had been pushed into an elevator aboard the vessel by one of the Equinox's employees, after the incident, en route to sick bay, not to mention the diagnoses and method of treatment provided by the doctor aboard the vessel, after the incident had transpired.

**Causation**

**Causation in Fact**

19. Plaintiffs assert that "but for" the Defendant's conduct or lack thereof, the Plaintiffs would not have experienced the harm and losses incurred.

**Proximate Causation**

20. Plaintiff Mrs. Valin asserts that as a direct consequence of the Defendant Royal Caribbean's omission or its failure to liaise with the relevant authority in charge of the faulty gangway leading up to the Cruise Ship Equinox, created a reasonably foreseeable risk of harm to patrons boarding the vessel, inclusive of the Plaintiff, an elderly woman using a walker while traveling with her son.

21. Plaintiff states further that it was reasonably foreseeable that the type of injury which the Plaintiff sustained, would have occurred as the Celebrity Cruises did advertise and cater to an elderly crowd, as such the Defendant Royal Caribbean could have reasonably be expected that elderly persons, inclusive of the Plaintiff Mrs. Valin was expected to board the ship and that patrons inclusive of the Plaintiff with walkers and wheelchairs were equally expected to board the vessel. Subsequently the Defendant could expect that having an uneven and unstable gangway was likely to cause injury to patrons if not properly fastened or secured.

**Harm**

22. The Plaintiff Mrs Valin asserts that as a direct consequence of the Defendant Royal Caribbean's breach of duty that she sustained injury in the form of having to live with persistent pain to her head, back of her neck, shoulders, back, and waist. Plaintiff Mrs Valin states that since the incident she has had to have around the clock support from the Plaintiff Mr. Valin, her son who, a school teacher has to take the time out of his schedule in order for Mrs Valin to have support as Mrs, Valin has suffered a total loss of independent mobility. Plaintiff Mrs Valin asserts further that since the incident that she suffers from sleepless nights and mental anxiety to the extent that the stress brought on a minor heart attack on December 3, 2023. Plaintiff Mrs Valin states that she is practically in and out of hospitals albeit because of the incident since prior to the incident, the Plaintiff Mrs Valin was not experiencing the level of pain and daily discomfort as she has been experiencing since the incident occurred.

23. The Plaintiff Mr. Valin also claims damages because of the Defendant's conduct in the form of the loss of income sustained having to spend the increased time in ensuring the Plaintiff Mrs. Valin meets her doctors appointments largely because of the incident and for the care which Mrs. Valin requires given the recent lack of hey independent mobility – a result of the within referenced incident.

## RELIEF SOUGHT

24. In light of the foregoing the Plaintiff Linda Valin asserts damages in the amount of $1,000,000.00 or a sum which this Court is willing to allow io compensate her for the irreparable harm which was brought about by the Defendant's negligence.

25. The Plaintiff Harold Valin asserts damages in the amount of $100,000 or a sum which this Court is willing to allow io compensate him for his lost of work hours, time and mental anguish brought about by the the harm which occurred as a direct case consequence of the Defendant's negligence.

26. Plaintiffs further seek punitive damages against the Defendant Royal Caribbean and Costs of Suit.

27. Plaintiffs further request a jury trial on all triable issues.

Respectfully Submitted

s/ Harold Valin

Harold Bohannon Valin
Plaintiff, pro se

s/ *Linda A. Dennis Valin*

---

Linda A Dennis Valin
Plaintiff, pro se

Dated February 6  2024

EXHIBIT




AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____
                     _____
                     *Server's signature*

                     _____
                     *Printed name and title*

                     _____
                     *Server's address*

Additional information regarding attempted service, etc:

Print     Save As...     Reset